| | AUSA: | Anca Pop | Telephone: (989) 895-5712 |
|---|---|---|---|
| | Special Agent: | Bryan Butler | Telephone: (989) 892-6525 |

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

In the Matter of the Search of                     )
*(Briefly describe the property to be searched*      )
*or identify the person by name and address)*        )
7261 TERRY RD., SAGINAW, MICHIGAN           )
                                            )
                                            )

Case No.   1:19-mc-51081-6
Judge: Ludington, Thomas L.
Filed: 07-24-2019

> **Filed: 09/13/2019**
> **Time: 10:26:38 am**
> **U.S. District Court**
> **Eastern District of MI**
> **Bay City**

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the          Eastern          *District of*          Michigan          .
*(identify the person or describe the property to be searched and give its location)*:

Attachment A

> I hereby certify that the foregoing is a certified copy of the original on file in this office.
>
> **Clerk, U.S. District Court**
> **Eastern District of Michigan**
>
> By: *s/ Kristen Castaneda*
>        Deputy

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before     August 7, 2019          *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to  the presiding United States Magistrate Judge on duty  .
                                                              *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for     days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of  

Date and time issued:     July 24, 2019   11:10 am

*Judge's signature*

City and state:   Bay City, Michigan

Patricia T. Morris          U. S. Magistrate Judge
                              *Printed name and title.*

## ATTACHMENT A

### Location to be searched

7261 Terry Road, Saginaw, Michigan, 48609, more fully described as a blue single family home with a matching detached utility building. The residence is located at the south end of a long concrete driveway which enters off of the south side of Terry Road east of Curwood Road. To the east of the driveway entrance facing Terry Road is a small green sign with the numbers "7261." The residence is mostly hidden from the roadway by trees and foliage. The residence sits on a parcel of land approximately 15 acres and contains a separate detached utility building. The residence is new construction in comparison with all of the other homes in the neighborhood.

All building, structures and containers on the property located at 7261 Terry Rd, Saginaw, MI, 48609. All vehicles on the property used primarily by Adam and Sarah Ball or for the operation of Surveying Solutions, Inc. (SSI), 2SI Developments, LLC (2SI), 3SI Building and Leasing, LLC (3SI), National Elevation Certificates, LLC (NEC) or Southfield IT Group.

28

## ATTACHMENT B

The subject location shall be searched for fruits of criminal activity and the following records, whether stored in paper or digital format, for Surveying Solutions, Inc., 2SI Developments, LLC, 3SI Building and Leasing, LLC, National Elevation Certificates, LLC (NEC), Southfield IT Group (hereinafter referred to as "Companies"), Andrew Semenchuk, Jeffrey Bartlett, Brian Bartlett, Anthony Thelen, Adam Ball, Courtney Stodolak, Celena Thelen, Jessica Bartlett, Jenny Bartlett, and Sarah Ball:

1. Records pertaining to work proposed, contracted or performed for the Michigan Department of Transportation, or other state or federal agencies, as a contractor or sub-contractor;

2. Records pertaining to the Companies;

3. Any personal financial records relating to the above listed individuals;

4. Records pertaining to the schedule or location of any of the above listed individual.

5. Locked containers or safes wherein any of the above items may be located;

6. Records identifying the location of safety deposit boxes or storage lockers wherein any of the above items may be located. Keys or other instruments necessary to gain access to the safety deposit boxes or storage lockers.

7. All electronic equipment, including cellular telephone, smartphones, desktop computers, laptop computers and tablets used principally for the operation of Companies or used by any of the above listed individuals;

All of the above noted records may be stored on magnetic or electronic media including hard drives, diskettes, tapes, or other media in the form readable by computer. These records include media maintained as archive or backup copies. Also included in magnetic or electronic media are electronic data processing and storage devices, computers, and computer systems including central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disks and diskettes, tape drives and tapes, optical storage devices such as keyboards, printers, video display monitors, optical readers, and related communication devices such as modems. Computer equipment, as needed, is defined as follows:

29

a. Hardware. Computer hardware consists of all equipment which can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer impulses or data. Hardware includes, but it not limited to, any data processing devices; internal and peripheral storage devices; input/output devices (such as keyboards, printers, scanners); related communication devices (such as modems, cables, and connections, recording equipment, RAM or ROM units, acoustic couplers, automatic dialers, speed dialers); as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (such as physical keys and locks).

b. Software. Computer software is digital information which can be interpreted by a computer and any of its related components to direct the way they work. Software is stored in electronic, magnetic, optical, or other digital form. It commonly includes programs to run operating systems, applications, utilities, compilers, interpreters, and communication devices.

c. Documentation. Computer related documentation consists of written, recorded, printed, or electronically stored material which explains or illustrates how to configure hardware, software, or related items.

d. Handwritten or printed notes regarding passwords, finding the file or directory names of important data, operating the hardware or software, identifying the suspect's electronic or telephone connections with co-conspirators and victims, or finding login names or accounts.

For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

30

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER'S Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic

31

form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed:<br>07/25/2019   9:11 A.M. | Copy of warrant and inventory left with:<br>Adam Ball |
| Inventory made in the presence of :<br>Adam Ball | | |
| Inventory of the property taken and name of any person(s) seized: | | |

Lenovo Think Pad & Power Cord  S/N  R8-WN5ND  11/12
Bank Accounts, Real Estate Papers, Trust Documents
Investment/Retirement Accounts
Financial Records
Financial Records, Accounts
Toshiba Laptop S/N 9B176808Q
Dell Inspiron Laptop  S/N  TW-01K859-12961-1BC-0017
Western Digital External Hard Drive   S/N  WCA2A9111534 Power Cord
Bank Documents

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 09/26/2019

_Executing officer's signature_

Mitchell L. King, Special Agent, FBI
_Printed name and title_